IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL BLACKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-741-GMS |
| | ) |
| JAMES T. VAUGHN CORRECTIONAL | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Michael Blackman ("Blackman"), an inmate at the Lycoming County

Prison, Williamsport, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.)

He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to

28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Blackman alleges that appropriate medical care and medication was denied and/or

delayed during the time he was housed at the James T. Vaughn Correctional Center ("VCC"),

Smyrna, Delaware, from March 2004 until his release in September 2008. In addition, he

complains that physicians were unable to provide a diagnosis. The allegations indicate that

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

Blackman was seen by medical providers on numerous occasions and was ultimately sent to an

outside dermatologist in 2007.[2]  Blackman seeks compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and

prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The

court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

---

[2]Medical grievances indicate that Blackman complained he was seen by medical on June 28, 2005, but only given a urine test. He asked to be seen by additional physicians for chronic conditions. An appeal received by the inmate grievance office on October 18, 2005, indicates that Blackman was scheduled to see the defendant Dr. Rodgers ("Dr. Rodgers") to determine if Blackman needed to see an outside specialist. Blackman submitted a medical grievance complaining that as of June 14, 2006, his medical complaints had yet to be addressed. He was seen by the defendant Dr. Durst ("Dr. Durst") the day before, but Blackman did not believe that he received proper medical attention.

Blackman filed an appeal on November 14, 2006, seeking medical treatment. He complained that as of January 23, 2007, he had not received proper medical attention, but he had seen physicians for his chronic condition. Dr. Durst requested a dermatologist consult, but the request was denied. The defendant Dr. VanDusen ("Dr. VanDusen") also saw Blackman, but he "did nothing." Blackman complained that as of June 15, 2007, his medical problems had yet to be addressed. He complained of misdiagnoses, denial of pain medication, and asked to see an outside dermatologist and infectious disease physician. Blackman complained that as of March 7, 2008, his ongoing medical conditions had progressively worsened due to lack of timely medical care. Blackman was seen by the defendant Dr. O ("Dr. O") on March 7, 2008, and complained that he did nothing. He appealed the grievance on June 17, 2008 and his appeal request was upheld on July 25, 2008. The last grievance attached to the complaint was submitted in July 2008 and complained that on July 18, 2008, Blackman's request for renewal of pain medication was denied. On August 20, 2008, the defendant Deputy Warden Klein ("Klein") advised Blackman he was in receipt of his letter regarding medical issues and the concerns would be addressed with medical at the weekly operations meeting.

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Blackman proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Blackman leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals

-3-

of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949.

When determining whether dismissal is appropriate, the court conducts a two-part analysis.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal

elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded

facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must

determine whether the facts alleged in the complaint are sufficient to show that Blackman has a

"plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege

Blackman's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Iqbal*,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Statute of Limitations

For purposes of the statute of limitations, § 1983 claims are characterized as personal

injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are

subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp.

244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to

know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within

---

[3]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at
1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at \*2 (D. Del. July 24, 2001).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published).

The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the Court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns* v. *Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *see also Gibbs* v. *Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002) (applying mailbox rule to *pro se* § 1983 complaint).

The complaint was signed on August 26, 2010 and is post-marked August 27, 2010. The court, therefore, concludes that Blackman's complaint was filed on August 26, 2010, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing. Blackman's initial general complaints occurred in March 2004, with the

-5-

earliest specific act on June 28, 2005. The last specific act referred to is August 20, 2008, when

Blackman was advised his medical concerns would be addressed at a meeting. Yet, Blackman

did not file his complaint until August 26, 2010, more than two years later. Hence, it is evident

from the face of the complaint that the claims are time-barred.[4]  Therefore, the court will dismiss

the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Medical Needs

The Eighth Amendment proscription against cruel and unusual punishment requires that

prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97,

103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a

serious medical need and (ii) acts or omissions by prison officials that indicate deliberate

indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192,

197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a

substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by

"intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-

05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the

treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000).

An inmate's claims against members of a prison medical department are not viable under § 1983

where the inmate receives continuing care, but believes that more should be done by way of

---

[4]Blackman's allegations that he was prescribed incorrect medication in September 2008, do not rise to the level of an Eighth Amendment violation.

diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even liberally construing the complaint, Blackman fails to allege a constitutional violation. Blackman takes exception to the medical care he received while at the VCC. He received treatment and medication on numerous occasions, albeit, according to him, inadequate. The allegations fall under the aegis of a medical malpractice/negligence claim, rather than a constitutional violation. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

___Jan 3___, 2011

Wilmington, Delaware

-7-